UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID SEABURY and DONNA SEABURY CA 05 334S

VS CASE NO.

ARTHUR E. CHATFIELD, III, ESQ.

**VERIFIED COMPLAINT**

The Plaintiffs bring this Verified Complaint pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.*, and for cause allege as follows:

PARTIES AND JURISDICTION

1. The Plaintiffs, DAVID SEABURY and DONNA SEABURY, are, and at all times relevant to this cause of action were, husband and wife, residents of the State of Rhode Island residing at 114 Buena Vista Drive, North Kingstown, Rhode Island and "consumers" within the meaning of 15 USC § 1692a(3).

2. Upon information and belief, the Defendant, ARTHUR E. CHATFIELD, III, ESQ., is, and at all times relevant to this cause of action was, an attorney licensed to practice law in the State of Rhode Island, and a "debt collector" within the meaning of 15 USC § 1692a(6).

3. This Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 (general federal question) and 15 USC § 1692k (Fair Debt Collection Practices Act).

4. This Court has personal jurisdiction over the Defendant in this action since he conducts business at 371 Broad Street, Providence Rhode Island 02907.

5. This Court is the proper venue for this action.

## STATEMENT OF THE FACTS

6. The Plaintiffs engaged, the Defendant's client, one Kent L. Trainor d/b/a KLT Remodeling & Painting, to paint and/or stain the exterior of the Plaintiffs' home located at 114 Buena Vista Drive, North Kingstown, Rhode Island.

7. Trainor failed to perform the work under the contract in a workmanlike manner and/or with due care, thereby directly and proximately causing extensive damage to the Plaintiffs' property.

8. On or about April 8, 2005, the Defendant commenced a small claims suit on behalf of Trainor against the Plaintiffs entitled, *KLT Remodeling & Painting v Dave Seabury and Donna Seabury,* SC-05-0366, in the State of Rhode Island District Court, Fourth Division, alleging that the Plaintiffs' owed Trainor the amount of $650.00 plus interest and costs on a book account and for breach of contract. In response, the Plaintiffs filed an Answer and counterclaimed alleging breach of contract and negligence. (see Exhibit A)

9. On or about June 6, 2005, said action was dismissed without prejudice on subject matter jurisdiction grounds. (see Exhibit B)

10. On or about June 14, 2005, the Defendant commenced a civil suit on behalf of Trainor against the Plaintiffs entitled, *Kent Trainor d/b/a KLT Remodeling & Painting,* CA-05-0525, in the State of Rhode Island District Court, Fourth Division, again alleging that the Plaintiffs' owed the amount of $650.00 plus interest and costs for breach of contract. In response, the Plaintiffs filed an Answer and counterclaimed alleging breach

of contract and negligence. (see Exhibit C)

11. Said action is currently pending in the State of Rhode Island District Court, Fourth Division, in and for Washington County.

12. The alleged debt for both the small claims suit and state district court civil suit was incurred for personal, family and/or household purposes within the meaning of 15 USC § 1692a(5).

COUNT ONE

13. The Plaintiffs re-allege and incorporate paragraphs 1 through 12 of this Verified Complaint, contained inclusive, as if fully set forth herein.

14. The Defendant violated 15 USC § 1692g by failing to provide the Plaintiff, DAVID SEABURY, with the required thirty (30) day dunning letter regarding the debt which was the subject matter of the small claims suit entitled, *KLT Remodeling & Painting v Dave Seabury and Donna Seabury,* SC-05-0366, prior to commencing said action.

COUNT TWO

15. The Plaintiffs re-allege and incorporate paragraphs 1 through 14 of this Verified Complaint, contained inclusive, as if fully set forth herein.

16. The Defendant violated 15 USC § 1692g by failing to provide the Plaintiff, DONNA SEABURY, with the required thirty (30) day dunning letter regarding the debt which was the subject matter of the small claims suit entitled, *KLT Remodeling & Painting v Dave Seabury and Donna Seabury,* SC-05-0366, prior to commencing said action.

COUNT THREE

17. The Plaintiffs re-allege and incorporate paragraphs 1 through 16 of this Verified Complaint, contained inclusive, as if fully set forth herein.

18. The Defendant violated 15 USC § 1692g by failing to provide the Plaintiff, DAVID SEABURY, with the required thirty (30) day dunning letter regarding the debt which is the subject matter of the state district court civil suit entitled, *Kent Trainor d/b/a KLT Remodeling & Painting,* CA-05-0525, prior to commencing said action.

COUNT FOUR

19. The Plaintiffs re-allege and incorporate paragraphs 1 through 18 of this Verified Complaint, contained inclusive, as if fully set forth herein.

20. The Defendant violated 15 USC § 1692g by failing to provide the Plaintiff, DONNA SEABURY, with the required thirty (30) day dunning letter regarding the debt which is the subject matter of the state district court civil suit entitled, *Kent Trainor d/b/a KLT Remodeling & Painting,* CA-05-0525, prior to commencing said action.

WHEREFORE, the Plaintiffs request that judgment enter for the Plaintiffs and against the Defendant for the following relief:

(1) A Declaratory Judgment that the Defendant's conduct alleged herein violates the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq*;

(2) Statutory damages pursuant to 15 USC § 1692k; and,

(3) Interest, costs and reasonable attorney's fees pursuant to 15 USC § 1692k.

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

VERIFICATION

We, DAVID SEABURY and DONNA SEABURY, hereby state that we are the Plaintiffs in the above-captioned action and hereby acknowledge that we have read the foregoing Verified Complaint. Based upon our personal knowledge, the allegations set forth herein are true, except for those allegations made upon information and belief, which allegations we believe to be true.

DAVID SEABURY
Plaintiff/Affiant

DONNA SEABURY
Plaintiff/Affiant

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 2nd day of August, 2005.

Notary Public
My Commission expires: 2/21/06

Plaintiffs,
by their Attorney,

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

August 2d, 2005
Date

# EXHIBIT A

STATE OF RHODE ISLAND
DISTRICT COURT
4TH DIVISION

**SMALL CLAIMS NOTICE OF SUIT**

DOCKET NO. 2005-366X

THIS IS AN OFFICIAL NOTICE OF THE COURT

PLAINTIFF NAME AND ADDRESS
KLT REMODELING & PAINTING
PO BOX 398
WEST KINGSTOWN, RI

TO:
DEFENDANT NAME AND ADDRESS
DAVE SEABURY
BUENA VISTA DRIVE
NORTH KINGSTOWN, RI 02852

YOU ARE THE DEFENDANT AND **YOU ARE BEING SUED** BY THE ABOVE PLAINTIFF(S):

| ATTORNEY FOR PLAINTIFF (Name, Address and Phone) | ATTORNEY FOR DEFENDANT (Name, Address and Phone) |
|---|---|
| ARTHUR CHATFIELD, III<br>371 BROAD STREET<br>PROVIDENCE, RI 02907<br>401-274-2424 | |

THE ABOVE PLAINTIFF(S) **CLAIM YOU OWE** $650.00 PLUS COSTS OF SUIT $34.79

FOR A TOTAL OF $684.79 THE REASONS ARE: ☒ BOOK ACCOUNT ☐ OTHER - (EXPLAIN BELOW)

SEE ATTACHED COPY OF CONTRACT

PLAINTIFF(S) WAIVE RIGHT OF APPEAL [signature]
Plaintiff/Plaintiff's Attorney

**PROOF OF CLAIM AND MILITARY SERVICE AFFIDAVIT**

[signature], on oath, depose and say that defendant(s) owe $684.79 as set forth above and are not at the time of the commencement of the above entitled action, nor are now, in the military service of the United States as defined in Article I of the "Soldiers and Sailors Civil Relief Act of 1940" as amended, nor an infant or an incompetent and presently reside at the above address.

Signature/Title

Subscribed and Sworn to before me on 5th May, 2005 [signature]
Notary/Clerk

| ANSWER DATE | ADDRESS | TRIAL DATE |
|---|---|---|
| 5-23-05<br>IF YOU DENY CLAIM OR DESIRE TIME TO PAY YOU MUST ANSWER BY THIS DATE. | 4TH Division District Court<br>4800 TOWER HILL ROAD<br>WAKEFIELD, RI 02879<br>YOUR ANSWER TO THIS CLAIM MUST GO TO THE ADDRESS ABOVE. | 6/1/05<br>9:30 ☒ AM ☐ PM<br>THE FILING OF AN ANSWER MEANS YOU MUST APPEAR IN COURT ON THIS DATE UNLESS CLAIM HAS BEEN PAID BEFORE HAND. |

## TO DEFENDANT(S): HOW TO ANSWER AND DEFEND THIS CLAIM

1. An answer is your response to this claim.
2. **ON** or **BEFORE** the answer date the clerk of court and the plaintiff or the plaintiff's attorney, if one is listed above, must receive your answer.
3. To answer this claim, you or your lawyer must fill out the enclosed answer form and mail or bring it to the clerk of court at the above address and to the plaintiff or the plaintiff's attorney at the attorney's above address.
4. You do not have to come to court on the answer date.
5. If you filed an answer you must appear in court on the above trial date.

READ INSTRUCTIONS ON BACK OF THIS FORM

D 002 (Rev. 4/89)

DEFENDANT(S) COPY

STATE OF RHODE ISLAND
WASHINGTON COUNTY
FOURTH DIVISION DISTRICT COURT

KLT REMOLDELING & PAINTING

VS SC-05-0366

DAVE SEABURY, ALIAS
and DONNA SEABURY, ALIAS

**ANSWER**

Pursuant to RIGL § 10-16-9 and Rule 12 of the *Rules of Civil Procedure,* the Defendants hereby deny each and every allegation set forth in the Plaintiff's Notice of Suit and Complaint in the aforementioned matter.

**AFFIRMATIVE DEFENSES**

Pursuant to RIGL § 10-16-9 and Rule 8(c) of the *Rules of Civil Procedure,* the Defendants hereby raise the following affirmative defenses in the aforementioned matter:

1. The Small Claims Court lacks subject matter jurisdiction to hear this matter due to the Plaintiff's negligence and the Defendants' Counterclaim resulting therefrom.

2. The Defendants plead the affirmative defense of payment.

3. The Defendants plead the affirmative defense of failure of consideration.

4. The Plaintiff's conduct in this matter amounts to fraud.

5. The Plaintiff's conduct and actions in this matter frustrated the purpose of the contract thereby excusing the Defendants from performance of same.

6. The Plaintiff's conduct and actions in this matter rendered it impossible for the Defendants to perform under the contract, thereby excusing the Defendants from performance of same.

7. The Plaintiff has failed to mitigate his damages in this matter due to his conduct and actions towards the Defendants.

8. The Defendants plead the affirmative defense of duress.

9. The Defendants plead the affirmative defense of estopple.

10. The Plaintiff failed to perform the work under the contract in a workmanlike manner thereby causing extensive damage to the Defendants' property.

11. The Plaintiff was negligent and failed to perform work under the contract with due care thereby causing extensive damage to the Defendants' property.

12. The Plaintiff comes before this Court with unclean hands due to his conduct and actions towards the Defendants.

13. The Plaintiff is unlawfully conducting business in the State of Rhode Island since he is not properly registered with Rhode Island Contractors' Registration Board.

WHEREFORE, the Defendants demand dismissal of the Plaintiff's Complaint, with prejudice, and an entry of judgment in their favor, plus costs of suit, attorney's fees and any other relief which this Court deems appropriate.

**COUNTERCLAIM**

Pursuant to RIGL § 10-16-9 and Rule 12 of the *Rules of Civil Procedure,* the Defendants/Counter-Plaintiffs, for cause allege as follows:

1. The Counter-Plaintiffs, DAVE SEABURY and DONNA SEABURY, are residents of the State of Rhode Island residing at 114 Buena Vista Drive, North Kingstown, Rhode Island.

2. Upon information and belief, the Counter-Defendant, KLT REMODELING & PAINTING, is an unregistered contractor, unlawfully conducting business in the State of Rhode Island, with an address of P.O. Box 398, West Kingstown, Rhode Island, 02892.

COUNT ONE

3. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 2 of this Complaint, contained inclusive, as if fully set forth herein.

4. The Counter-Plaintiffs engaged the Counter-Defendant to paint the exterior of the Counter-Plaintiffs' home located at 114 Buena Vista Drive, North Kingstown, Rhode Island.

5. The Counter-Defendant failed to perform the work under the contract in a workmanlike manner thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

6. The Counter-Plaintiffs have given the Counter-Defendant notice of the breach of contract and the damages resulting therefrom and the Counter-Defendant has failed to correct same or respond in damages.

7. The Counter-Plaintiffs have, at all times relevant to this cause of action, performed all the stipulations, conditions, agreements and obligations of said contract, to be performed on their part at the time and manner therein specified, or, in the alternative, are otherwise excused from the performance thereof.

COUNT TWO

8. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 7 of this Complaint, contained inclusive, as if fully set forth herein.

9. The Counter-Defendant negligently and/or carelessly failed to perform work under the contract with due care thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

10. The Counter-Plaintiffs at all times material hereto exercised due care and caution on their part.

11. The Counter-Defendant has failed to correct same or respond in damages.

WHEREFORE, the Counter-Plaintiffs demand a Judgment against the Counter-Defendant in the amount of $1,650.00, together with interest, costs, attorney's fees and

any other relief which this Court deems appropriate.

Defendants / Counter-Plaintiffs,
By their Attorney,

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 21st day of April, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Arthur Chatfield, III, 371 Broad Street, Providence RI 02907

STATE OF RHODE ISLAND
WASHINGTON COUNTY
FOURTH DIVISION DISTRICT COURT

KLT REMOLDELING & PAINTING

VS SC-05-0366

DAVE SEABURY, ALIAS
and DONNA SEABURY, ALIAS

**AMENDED ANSWER**

Pursuant to RIGL § 10-16-9 and Rule 12 of the *Rules of Civil Procedure,* the Defendants hereby deny each and every allegation set forth in the Plaintiff's Notice of Suit and Complaint in the aforementioned matter.

**AFFIRMATIVE DEFENSES**

Pursuant to RIGL § 10-16-9 and Rule 8(c) of the *Rules of Civil Procedure,* the Defendants hereby raise the following affirmative defenses in the aforementioned matter:

1. The Small Claims Court lacks subject matter jurisdiction to hear this matter due to the Plaintiff's negligence and the Defendants' Counterclaim resulting therefrom.

2. The Defendants plead the affirmative defense of payment.

3. The Defendants plead the affirmative defense of failure of consideration.

4. The Plaintiff's conduct in this matter amounts to fraud.

5. The Plaintiff's conduct and actions in this matter frustrated the purpose of the contract thereby excusing the Defendants from performance of same.

6. The Plaintiff's conduct and actions in this matter rendered it impossible for the Defendants to perform under the contract, thereby excusing the Defendants from performance of same.

7. The Plaintiff has failed to mitigate his damages in this matter due to his conduct and actions towards the Defendants.

8. The Defendants plead the affirmative defense of duress.

9. The Defendants plead the affirmative defense of estopple.

10. The Plaintiff failed to perform the work under the contract in a workmanlike manner thereby causing extensive damage to the Defendants' property.

11. The Plaintiff was negligent and failed to perform work under the contract with due care thereby causing extensive damage to the Defendants' property.

12. The Plaintiff comes before this Court with unclean hands due to his conduct and actions towards the Defendants.

13. The Plaintiff is unlawfully conducting business in the State of Rhode Island since he is not properly registered with Rhode Island Contractors' Registration Board.

WHEREFORE, the Defendants demand dismissal of the Plaintiff's Complaint, with prejudice, and an entry of judgment in their favor, plus costs of suit, attorney's fees and any other relief which this Court deems appropriate.

**AMENDED COUNTERCLAIM**

Pursuant to RIGL § 10-16-9 and Rule 12 of the *Rules of Civil Procedure,* the Defendants/Counter-Plaintiffs, for cause allege as follows:

1. The Counter-Plaintiffs, DAVE SEABURY and DONNA SEABURY, are residents of the State of Rhode Island residing at 114 Buena Vista Drive, North Kingstown, Rhode Island.

2. Upon information and belief, the Counter-Defendant, KLT REMODELING & PAINTING, is an unregistered contractor, unlawfully conducting business in the State of Rhode Island, with an address of P.O. Box 398, West Kingstown, Rhode Island, 02892.

COUNT ONE

3. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 2 of this Complaint, contained inclusive, as if fully set forth herein.

4. The Counter-Plaintiffs engaged the Counter-Defendant to paint and/or stain the exterior of the Counter-Plaintiffs' home located at 114 Buena Vista Drive, North Kingstown, Rhode Island.

5. The Counter-Defendant failed to perform the work under the contract in a workmanlike manner thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

6. The Counter-Plaintiffs have given the Counter-Defendant notice of the breach of contract and the damages resulting therefrom and the Counter-Defendant has failed to correct same or respond in damages.

7. The Counter-Plaintiffs have, at all times relevant to this cause of action, performed all the stipulations, conditions, agreements and obligations of said contract, to be performed on their part at the time and manner therein specified, or, in the alternative, are otherwise excused from the performance thereof.

COUNT TWO

8. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 7 of this Complaint, contained inclusive, as if fully set forth herein.

9. The Counter-Defendant negligently and/or carelessly failed to perform work under the contract with due care thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

10. The Counter-Plaintiffs at all times material hereto exercised due care and caution on their part.

11. The Counter-Defendant has failed to correct same or respond in damages.

WHEREFORE, the Counter-Plaintiffs demand a Judgment against the Counter-Defendant in the amount of $1,650.00, together with interest, costs, attorney's fees and

any other relief which this Court deems appropriate.

Defendants / Counter-Plaintiffs,
By their Attorney,

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 22d day of April, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Arthur Chatfield, III, 371 Broad Street, Providence RI 02907

# EXHIBIT B

**SMALL CLAIMS MOTION CALENDAR**
Hearing Date: June 6, 2005

STATE OF RHODE ISLAND
WASHINGTON COUNTY
FOURTH DIVISION DISTRICT COURT

KLT REMODELING & PAINTING

VS SC-05-0366

DAVE SEABURY, ALIAS
and DONNA SEABURY, ALIAS

**MOTION TO DISMISS**

NOW COME the Defendants/Counter-Plaintiffs and pursuant to RIGL §§ 10-16-1 and 10-16-2 and Rule 4.00 of the *District Court Rules of Small Claims Procedure,* hereby move to dismiss the above-captioned action on grounds that the Small Claims Court lacks subject matter jurisdiction to hear this matter due to the Plaintiff's negligence and the Defendants' / Counter-Plaintiffs' Counterclaim resulting therefrom.

Defendants / Counter-Plaintiffs,
By their Attorney,

[signature]

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 21st day of April, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Arthur Chatfield, III, 371 Broad Street, Providence RI 02907

[signature]

SMALL CL .MS MOTION CALENDAR
Hearing Date: June 6, 2005

STATE OF RHODE ISLAND
WASHINGTON COUNTY
FOURTH DIVISION DISTRICT COURT

KLT REMODELING & PAINTING

VS SC-05-0366

DAVE SEABURY, ALIAS
and DONNA SEABURY, ALIAS

**ORDER**

This matter came on for hearing on June 6, 2005, before the Court on the Plaintiff's Motion to Dismiss, and after hearing thereon, and consideration thereof, it is hereby

ORDERED, ADJUDGED, AND DECREED

1. The Plaintiff's Motion to Dismiss the above-captioned action without prejudice, is hereby granted. No interest. No costs.

ENTER: PER ORDER:

______________________ ______________________
J. Clerk

PRESENTED BY:

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 6th day of June, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Arthur Chatfield, III, 371 Broad Street, Providence RI 02907

# EXHIBIT C

STATE OF RHODE ISLAND
DISTRICT COURT

**SUMMONS**

| DIVISION | COUNTY | CIVIL ACTION - FILE NO. |
|---|---|---|
| FOURTH | WASHINGTON | |

| PLAINTIFF | PLAINTIFF'S ATTORNEY |
|---|---|
| KENT TRAINOR | ARTHUR CHATFIELD, III |
| VS | ADDRESS: 371 BROAD STREET, PROVIDENCE, RI, 02907 |
| DEFENDANT: DAVE SEABURY, ALIAS AND DONNA SEABURY, ALIAS | DEFENDANT'S ADDRESS: BUENA VISTA DRIVE, N. KINGSTOWN, RI, 02852 |

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to serve upon the plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made within 20 days after service of this summons, exclusive of the date of service.** The original must be filed in writing with this court. **If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

| DATE | CLERK |
|---|---|
| JUNE 14, 2005 | |

SEAL OF THE DISTRICT COURT

DISTRICT COURT OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS SIXTH DIVISION

A True Copy Attest State Constable #6030 Robert Colantonio 7-16-05

DATE RECEIVED

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this summons and a copy of the complaint received herewith upon the above-named defendant by delivering or leaving said papers in the following manner:

- ☐ to the defendant personally.
- ☐ at his dwelling house or usual place of abode at the address entered below, with a person of suitable age and discretion then residing therein.
- ☐ to an agent named below authorized by appointment or by law to receive service of process.
- ☐ Further notice as required by statute was given as noted on the reverse side.

| ADDRESS OF DWELLING OR USUAL PLACE OF ABODE | |
|---|---|
| NAME OF AUTHORIZED AGENT OR PERSON OF SUITABLE AGE | |
| DATE | DEPUTY SHERIFF CONSTABLE |

SERVICE FEE $ ______

032D (6/84)

STATE OF RHODE ISLAND FOURTH COURT
WASHINGTON, SC.

KENT TRAINOR D/B/A
KLT REMODELING & PAINTING :

VS. : C.A. NO.:

DAVE SEABURY, Alias and :
DONNA SEABURY, Alias

## COMPLAINT

1. The plaintiff, Kent Trainor d/b/a KLT Remodeling & Painting, at all times hereinafter mentioned was a sole proprietorship and in July of 2004 was incorporated as KLT Remodeling.

2. The defendants, Dave Seabury, Alias and Donna Seabury, Alias, are residents of the Town of North Kingstown, Count of Washington, State of Rhode Island.

3. On May 27, 2005, the plaintiff and defendant entered into a contract for the plaintiff's services which is attached hereto and labeled Exhibit "A" and incorporated herein by reference.

4. Pursuant to the attached contract, the defendants paid the plaintiff $1,000.00 toward the total price of work in the amount of $2,500.00.

5. In detrimental reliance on the defendants' promise to pay, the plaintiff purchased approximately $508.00 in paint and materials to complete the contract attached hereto.

6. On a diverse date in the first few days of June 2005, the plaintiff power washed the defendants' house and walkways. On June 9, 2005, the plaintiff primed the defendants' house with one coat of primer and the plaintiff sealed all of the windows of the house with plastic for any over spray.

7. On June 10, 2005, the plaintiff attempted to complete the contract between the plaintiff and defendants and the defendants absconded with the plaintiff's paint materials by placing the same in a shed located on the premises of 114 Buena Vista Drive, North Kingstown, RI.

8. That the plaintiff is owed $659.00 for work performed or not paid for at the address of 114 Buena Vista Drive, North Kingstown, RI.

WHEREFORE, the plaintiff respectfully prays for judgment in the amount of $659.00, plus interest, costs and reasonable attorney's fees.

Kent Trainor d/b/a
KLT Remodeling
By his Attorney,

P.C.

Arthur E. Chatfield, III, Esq., P.C.
Bar No.: 3378
371 Broad Street
Providence, RI 02907
(401) 274-2424

STATE OF RHODE ISLAND
WASHINGTON COUNTY
FOURTH DIVISION DISTRICT COURT

KENT TRAINOR D/B/A KLT REMOLDELING & PAINTING

VS CA-05-0525

DAVE SEABURY, ALIAS
and DONNA SEABURY, ALIAS

**ANSWER**

NOW COME the Defendants and pursuant to Rule 12 of the *Rules of Civil Procedure,* hereby answer the Plaintiff's Complaint as follows:

1. The Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. The Defendants neither admit nor deny the allegations contained in paragraph 2 of the Plaintiff's Complaint and hereby leave the Plaintiff to his proof thereof.

3. The Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint and hereby state that the contract referred to in the Complaint by the Plaintiff as "Exhibit A", was not attached to the Complaint served on the Defendants.

4. The Defendants neither admit nor deny the allegation contained in paragraph 4 of the Plaintiff's Complaint that the Defendants paid the Plaintiff $1,000.00. The Defendants deny the remaining allegations contained in said paragraph 4 and hereby state that the contract referred to in the Complaint by the Plaintiff as "Exhibit A", was not attached to the Complaint served on the Defendants.

5. The Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. The Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

WHEREFORE, the Defendants demand a Judgment dismissing the Plaintiff's Complaint with prejudice and awarding the Defendants their costs and attorney's fees incurred in the defense of this action plus interest and any other relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the *Rules of Civil Procedure*, the Defendants hereby raise the following affirmative defenses in the aforementioned matter:

1. The Defendants plead the affirmative defense of insufficiency of process since: (a) the summons served on the Defendants in this matter bears the stamp of the Sixth Division District Court thereby confusing the Defendants as to where this action was filed; and, (b) the summons and complaint served on the Defendants are devoid of any docket number for this action.

2. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

3. The Defendants plead the affirmative defense of payment.

4. The Defendants plead the affirmative defense of failure of consideration.

5. The Plaintiff's conduct in this matter amounts to fraud.

6. The Plaintiff's conduct and actions in this matter frustrated the purpose of the

contract thereby excusing the Defendants from performance of same.

7. The Plaintiff's conduct and actions in this matter rendered it impossible for the Defendants to perform under the contract, thereby excusing the Defendants from performance of same.

8. The Plaintiff has failed to mitigate his damages in this matter due to his conduct and actions towards the Defendants.

9. The Defendants plead the affirmative defense of duress.

10. The Defendants plead the affirmative defense of estoppel.

11. The Plaintiff failed to perform the work under the contract in a professional and workmanlike manner thereby causing extensive damage to the Defendants' property.

12. The Plaintiff was negligent and failed to perform work under the contract with due care thereby causing extensive damage to the Defendants' property.

13. The Plaintiff comes before this Court with unclean hands due to his conduct and actions towards the Defendants.

14. The Plaintiff is unlawfully conducting business in the State of Rhode Island since he is not properly registered with Rhode Island Contractors' Registration Board.

15. The Plaintiff, his agents, servants, representatives and/or employees, have committed repeated violations of the Fair Debt Collection Practices Act (FDCPA), as to the Defendants.

WHEREFORE, the Defendants demand a Judgment dismissing the Plaintiff's Complaint with prejudice and awarding the Defendants their costs and attorney's fees incurred in the defense of this action plus interest and any other relief the Court deems just and proper.

## COUNTERCLAIM

Pursuant to Rule 12 of the *Rules of Civil Procedure,* the Defendants/Counter-Plaintiffs, for cause allege as follows:

1. The Counter-Plaintiffs, DAVE SEABURY and DONNA SEABURY, are residents of the State of Rhode Island residing at 114 Buena Vista Drive, North Kingstown, Rhode Island.

2. Upon information and belief, the Counter-Defendant, KENT TRAINOR D/B/A KLT REMOLDELING & PAINTING, is, and at all times relevant to this cause of action was, an unregistered contractor, unlawfully conducting business in the State of Rhode Island, with an address of P.O. Box 398, West Kingstown, Rhode Island, 02892.

COUNT ONE

3. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 2 of this Counterclaim, contained inclusive, as if fully set forth herein.

4. The Counter-Plaintiffs engaged the Counter-Defendant to paint and/or stain the exterior of the Counter-Plaintiffs' home located at 114 Buena Vista Drive, North Kingstown, Rhode Island.

5. The Counter-Defendant failed to perform the work under the contract in a professional and workmanlike manner thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

6. The Counter-Plaintiffs have given the Counter-Defendant notice of the breach of contract and the damages resulting therefrom and the Counter-Defendant has failed to correct same or respond in damages.

7. The Counter-Plaintiffs have, at all times relevant to this cause of action, performed all the stipulations, conditions, agreements and obligations of said contract, to be performed on their part at the time and manner therein specified, or, in the alternative, are otherwise excused from the performance thereof.

COUNT TWO

8. The Counter-Plaintiffs re-allege and incorporate paragraphs 1 through 7 of this Counterclaim, contained inclusive, as if fully set forth herein.

9. The Counter-Defendant negligently and/or carelessly failed to perform work under the contract with due care thereby directly and proximately causing extensive damage to the Counter-Plaintiffs' property.

10. The Counter-Plaintiffs at all times material hereto exercised due care and caution on their part.

11. The Counter-Defendant has failed to correct same or respond in damages.

WHEREFORE, the Counter-Plaintiffs demand a Judgment against the Counter-Defendant in the amount of $1,650.00, together with interest, costs, attorney's fees and any other relief which this Court deems appropriate.

Defendants / Counter-Plaintiffs,
By their Attorney,

Michael S. Pezzullo, Esq. (5489)
376 Broadway
Providence RI 02909
Tel: 401-521-8400

CERTIFICATION

I hereby certify that on this 19th day of July, 2005, I have forwarded a true copy of the within by regular mail, postage prepaid to:

Arthur Chatfield, III, 371 Broad Street, Providence RI 02907